UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD AND MARION GRIFFIN, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF RICHARD GRIFFIN JR. | CIVIL ACTION |
| VERSUS | NO. 14-1364 |
| GREATER LAFOURCHE PORT COMMISSION | SECTION "L" |

## ORDER AND REASONS

Defendant moves to strike the affidavit and exclude the testimony of John Arenstam. (Rec. Doc. 18). Mr. Arenstam's affidavit is appended to the supplemental expert report of John Pierce. Defendant emphasizes that Plaintiffs submitted Mr. Pierce's supplemental expert report, along with the affidavit, one month late, even after the Court had previously extended the deadline. Defendant characterizes Mr. Arenstam's affidavit as an attempt to submit expert testimony outside of court deadlines and without meeting expert report requirements for Mr. Arenstam under Rule 26(a). Defendant argues that the submission of Mr. Arenstam's affidavit essentially is an untimely expert report.

Plaintiffs argue the affidavit should not be stricken because Mr. Arenstam's affidavit merely provides evidence of the basis of the opinion of their expert Captain Pierce. (Rec. Doc. 33). Second, Plaintiffs note that some of the documents used by Mr. Pierce were not received until after the expert report deadline, resulting in the late-filed supplemental expert report.

Defendant responds, emphasizing that Plaintiffs did not provide a valid reason to explain the untimeliness. (Rec. Doc. 39).

Under Federal Rule of Civil Procedure 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. Pro. 16(b). In assessing the untimely submission of expert reports, for example, the Court must consider (1) the explanation for the failure to timely submit the expert evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

As Defendant notes, Plaintiffs have not submitted any justifiable explanation for the untimeliness of the supplemental expert report and the evidence attached to it. Moreover, the late-filed evidence is likely to prejudice the other party, particularly considering the close proximity of trial and cost involved in a delay. This Court has wide latitude in managing its own busy docket and need not grant a continuance simply to allow a litigant "a second chance to develop [its] case." *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). It would be unfair to the parties to allow submission of the late-filed affidavit at this late stage. Accordingly,

**IT IS ORDERED** that Defendant's motion to strike the affidavit and any testimony of John Arenstam is **GRANTED**.

New Orleans, Louisiana, this 27th day of March, 2015.

_____
UNITED STATES DISTRICT JUDGE